## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____ |
| v. | )<br>) CLASS ACTION |
| FCB FINANCIAL HOLDINGS, INC., VINCENT S. TESE, LESLIE J. LIEBERMAN, ALAN S. BERNIKOW, THOMAS E. CONSTANCE, HOWARD R, CURD, KENT S. ELLERT, GERALD LUTERMAN, WILLIAM LAWRENCE MACK, PAUL ANTHONY NOVELLY II, STUART I. ORAN, FREDERIC V. SALERNO, SYNOVUS FINANCIAL CORP., and AZALEA MERGER SUB CORP., | )<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on July 24, 2018 (the "Proposed Transaction"), pursuant to which FCB Financial Holdings, Inc. ("FCB" or the "Company") will be acquired by Synovus Financial Corp ("Parent") and Azalea Merger Sub Corp. ("Merger Sub," and together with Parent, "Synovus").

2. On July 23, 2018, FCB's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger with Synovus

(the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, FCB's stockholders will receive 1.055 shares of Parent common stock for each share of FCB they own.

3. On September 14, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of FCB common stock.

9. Defendant FCB is a Delaware corporation and maintains its principal executive

offices at 2500 Weston Road, Suite 300, Weston, Florida 33331. FCB's common stock is traded on the NYSE under the ticker symbol "FCB." FCB is a party to the Merger Agreement.

10. Defendant Vincent S. Tese is the Chairman of the Board of FCB.

11. Defendant Leslie J. Lieberman is a director of FCB.

12. Defendant Alan S. Bernikow is a director of FCB.

13. Defendant Thomas E. Constance is a director of FCB.

14. Defendant Howard R. Curd is a director of FCB.

15. Defendant Kent S. Ellert is a director of FCB.

16. Defendant Gerald Luterman is a director of FCB.

17. Defendant William Lawrence Mack is a director of FCB.

18. Defendant Paul Anthony Novelly II is a director of FCB.

19. Defendant Stuart I. Oran is a director of FCB.

20. Defendant Frederic V. Salerno is a director of FCB.

21. The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22. Defendant Parent is a Georgia corporation and a party to the Merger Agreement.

23. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of FCB (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25. This action is properly maintainable as a class action.

26. The Class is so numerous that joinder of all members is impracticable. As of July 20, 2018, there were approximately 46,775,408 shares of FCB common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

31. FCB is a national bank holding company that was formed in 2009 to create a premier Florida-based regional banking franchise.

32. FCB is the parent of Florida Community Bank, a national banking association with over $10 billion in total assets, $1.1 billion in capital, and fifty full-service banking centers throughout Florida. Florida Community Bank serves the needs of commercial and personal customers through its wide variety of business and personal banking products.

33. On July 23, 2018, FCB's Board caused the Company to enter into the Merger Agreement.

34. Pursuant to the terms of the Merger Agreement, FCB's stockholders will receive 1.055 shares of Parent common stock for each share of FCB they own.

35. According to the press release announcing the Proposed Transaction:

> Synovus Financial Corp. (NYSE: SNV) and FCB Financial Holdings, Inc. (NYSE: FCB) today jointly announced their entry into a definitive merger agreement under which Synovus will acquire FCB Financial Holdings, Inc., owner of Florida Community Bank (FCB), Florida's largest community bank. With the addition of FCB, Synovus will become a top five regional bank by deposits in the Southeast region with pro forma $36 billion in deposits and $44 billion in assets. The transaction is expected to close by the first quarter of 2019.
>
> The combination of FCB with Synovus will create the largest mid-cap bank in the Southeast by deposits, and will elevate the company's growth profile through a deepened presence in high-growth Florida markets. Following the closing, FCB will merge with Synovus Bank and operate under the Synovus brand, and FCB Financial Holdings President and CEO Kent Ellert will be executive vice president of Synovus and Florida market president.
>
> Under the terms of the merger agreement, FCB shareholders will receive a fixed ratio of 1.055 shares of Synovus common stock for each common share of FCB in an all-stock transaction. Based on Synovus' closing share price on July 23, 2018, the transaction is valued at $58.15 per FCB share or $2.9 billion in aggregate. Following completion of the merger, former FCB shareholders will own approximately 30% of the combined company. In addition, based on the exchange ratio, Synovus' most recent quarterly dividend translates to a pro forma annualized dividend of $1.06 per FCB share. The transaction is expected to be tax free to FCB shareholders. . . .
>
> In Florida, Synovus gains $9.9 billion in deposits and 50 full-service banking centers, with significant market share in all top 10 Florida markets including Miami-Dade, the largest market by population in the Southeast. The transaction

deepens Synovus' commitment to Florida, complementing its presence in Pensacola, Tampa, Jacksonville, Orlando, Sarasota, and Naples with FCB's market-leading presence across South Florida.

Synovus expects approximately $40 million in pretax synergies to be fully realized by 2020. Excluding one-time charges, Synovus expects the acquisition to be approximately 6.5% accretive to earnings per common share in 2020 and to deliver strong returns on capital. The transaction is expected to produce tangible book value per share dilution of 3.3% with an earnback period of less than two years.

The merger agreement has been unanimously approved by both companies' Boards of Directors. The merger is subject to customary closing conditions, including approval by Synovus and FCB Financial Holdings shareholders and approval by state and federal bank regulators.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

36.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

37.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

38.     First, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Sandler O'Neill + Partners L.P. ("Sandler"), Guggenheim Securities, LLC ("Guggenheim"), and Evercore Group L.L.C. ("Evercore") (together, the "Financial Advisors").

39.     With respect to the Financial Advisors' FCB and Synovus Peer Group Analyses, the Registration Statement fails to disclose the financial data for each of the companies observed by the Financial Advisors in the analyses.

40.     With respect to the Financial Advisors' Analysis of Selected Nationwide and Florida M&A Transactions, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by the Financial Advisors in the analysis.

41. With respect to the Financial Advisors' FCB Net Present Value Analysis, the Registration Statement fails to disclose: (i) the terminal values for FCB; (ii) the Financial Advisors' basis for applying price to 2023 earnings per share multiples ranging from 12.0x to 15.0x in approximating the terminal value of FCB Class A common stock at December 31, 2022; and (iii) the inputs and assumptions underlying the discount rates ranging from 9.0% to 14.0%.

42. With respect to the Financial Advisors' Synovus Net Present Value Analysis, the Registration Statement fails to disclose: (i) the terminal values for Synovus; (ii) the Financial Advisors' basis for applying price to 2023 earnings multiples ranging from 11.0x to 15.0x in approximating the terminal value of Synovus common stock at December 31, 2022; and (iii) the inputs and assumptions underlying the discount rates ranging from 8.0% to 13.0%.

43. With respect to the Financial Advisors' Pro Forma Merger Analysis, the Registration Statement fails to disclose: (i) the assumptions relating to purchase accounting adjustments, cost savings, and transaction expenses; (ii) the one-time transaction costs and expenses; and (iii) the extent to which the merger could be accretive or dilutive to Synovus's estimated earnings per share and tangible book value per share.

44. The Registration Statement fails to disclose FCB's budget for the period through June 30, 2019 that was made available to Guggenheim.

45. Further, the Registration Statement fails to disclose the *pro forma* purchase accounting adjustments furnished by senior management of Synovus to Evercore.

46. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47. Second, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

48. Specifically, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

49. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

50. Third, the Registration Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

51. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

52. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Recommendation of the FCB Board of Directors and Reasons for the Merger; (iii) Unaudited Financial Forecasts; and (iv) Opinions of FCB's Financial Advisors.

53. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and FCB

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. FCB is liable as the issuer of these statements.

56. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

57. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

58. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

59. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

60. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

61. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Synovus

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63. The Individual Defendants and Synovus acted as controlling persons of FCB within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of FCB and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64. Each of the Individual Defendants and Synovus was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were

thus directly involved in the making of the Registration Statement.

66.   Synovus also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

67.   By virtue of the foregoing, the Individual Defendants and Synovus violated Section 20(a) of the 1934 Act.

68.   As set forth above, the Individual Defendants and Synovus had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.   Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.   In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.   Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.   Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 11, 2018        **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*